FILED
MAR - 2 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Willie Branch-El, <br><br> Plaintiff, <br><br> v. <br><br> United States of America et al., <br><br> Defendants. | Civil Action No. 10 0328 |

MEMORANDUM OPINION

Plaintiff Willie Branch-El has filed an application to proceed in forma pauperis, a pro se complaint, and a motion for appointed counsel. The application will be granted, the complaint will be dismissed, and the motion for counsel will be denied as moot.

Plaintiff is a prisoner serving a life sentence without possibility of parole imposed by the Superior Court for the District of Columbia. He is currently confined at the United States Penitentiary Hazelton in West Virginia. Although styled a complaint, the submission is presented on a form designed for motions brought under 28 U.S.C. § 2255, and the essence of the submission is an attack on the lawfulness of the plaintiff's sentence. Therefore, the submission will be construed as a petition for habeas corpus. The complaint establishes that the plaintiff has pursued his remedies by a motion under D.C. Code § 23-110, by a direct criminal appeal, and by a motion to recall the mandate issued by the Court of Appeals for the District of Columbia. *See* Compl. at 3, 4, 7, and the unnumbered page immediately following numbered page 5.[1] The

---

[1] Reference by page number is made only to the pages that are numbered on the form motion. Several pages, both numbered and unnumbered, from various other documents are inserted among the numbered pages of the form motion.



complaint alleges a plethora of constitutional violations, including ineffective assistance of counsel at trial and on appeal, prosecutorial misconduct, judicial error, fabricated witness testimony and other faulty evidence. *Id.* at 3-12. It seeks as relief "to vacate, set aside, and correct an excessive sentence." *Id.* at 12. The papers do not include factual allegations to show that the § 23-110 motion or the motion to recall the Court of Appeals' mandate is inadequate or ineffective.

With the exception of plaintiff's claim that his appellate counsel was ineffective, all of the claims plaintiff asserts in this complaint must be presented first to the Superior Court by motion made under D.C. Code § 23-110. *Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (holding that § 23-110 is the exclusive remedy for such challenges). This court does not have jurisdiction to entertain claims that were or could have been presented to the Superior Court on a § 23-110 motion, unless the petitioner can show that his remedy under § 23-110 is "ineffective or inadequate to test the legality of his conviction." D.C. Code § 23-110(g). Plaintiff's § 23-110 motions were denied. The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *See Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir.); *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995). Because the complaint does not claim or demonstrate that plaintiff's § 23-110 remedy was ineffective or inadequate, these claims will be dismissed for lack of jurisdiction.

Plaintiff's claim for ineffective assistance of counsel on direct appeal cannot be heard on a motion made under D.C. Code § 23-110; rather, the remedy for such a claim is by motion to the Court of Appeals for the District of Columbia to recall its mandate. *Williams v. Martinez,* 586 F.3d 995, 998-99 (D.C. Cir. 2009); *Watson v. United States,* 536 A.2d 1056, 1060 (D.C. 1987) (noting that ineffective assistance of appellate counsel claims cannot be heard by the Superior

Court on a motion made under D.C. Code §23-110 and instructing that a motion to recall the mandate is the proper procedure for presenting a claim of ineffective assistance of appellate counsel of right). Plaintiff filed a motion to recall the mandate, which was denied as untimely. No writ of habeas corpus may be granted by this court unless Johnson can also show that "circumstances exist that render" the remedy by motion to recall the mandate "ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(ii); *see Williams,* 586 F.3d at 1002 (directing the district court on remand to make a determination "in light of the standard set forth in 28 U.S.C. § 2254). A remedy is not made ineffective or inadequate by a plaintiff's procedural default in availing himself of it. *See Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it."). Plaintiff has not alleged facts to show that the motion to recall the mandate was ineffective to protect his rights. Therefore, the claim for ineffective assistance of counsel on direct appeal will also be dismissed for lack of jurisdiction.    In sum, because the plaintiff has not alleged facts to show that either his remedy by motion under § 23-110, or his remedy by motion to recall the mandate, is inadequate or ineffective to test the legality of his detention, this court lacks jurisdiction to entertain this collateral attack on plaintiff's sentence. A separate order accompanies this memorandum opinion.

Date: 2/16/10

United States District Judge